Mr. Chief Justice Sharkey
delivered the opinion of the court.
This is an action of detinue for a slave brought by the plaintiff, as administrator de bonis non of Philip Magee. It appears that Willis Magee, the father of Philip, died in 1827. By his "will he gave to his wife a life estate in certain slaves, amongst others Rose, the mother of the boy in controversy, and after his wife’s death he gave Rose to his son Philip, who died after the testator, but before the death of his mother, without heirs. By the will, the testator appointed his three sons, Lewis, Owen, and Duncan, executors, two of whom seem to have qualified, one of whom, probably, was the active manager of the estate. The wife died in 1844, having had possession of Rose during her lifetime. The executor, Duncan, made a final settlement in 1845, in which he reports the property divided according to the will.
Owen H. Magee, first administered on the estate of Philip, and made his final settlement thereof in Jatraary, 1840, after which the plaintiff was appointed administrator de bonis non.
J. P. Stewart was appointed administrator de bonis non on the estate of Willis Magee, but at what time does not appear, the date being blank in the record. One of the executors had resigned, and the other renounced.
Why Owen H. Magee and Stewart should have administered on these two estates, after they had been finally settled, are circumstances not explained, and, to say the least, the necessity for such course is not perceived.
The defendant claims the slave, under a sale made by Stewart, as the administrator of Willis Magee, which seems to have been ordered by the probate court, “upon the assent given in open court of the heirs of Willis Magee.” By the order, he was authorized to sell all the personal estate, not already administered.
If it be true that the executor of Willis Magee had divided the property according to the will, as he reported, that was a *76 full administration, and this order of the court did not reach it of course, as it was only an authority to sell the unadministered property. When a legatee receives his legacy, his title is complete, subject only to a liability to refund, in case of debts. It is no longer the property of the estate.
By returning, that he had divided the property, and by permitting Mrs. Magee to hold for so long a time, the executor had assented to the legacy to her, if such assent was necessary, (Tol. Law of Exec. 309; ) and by assenting that Mrs. Magee should take the life estate, he assented to the bequest over to Philip Magee. Ib. 310. The title of the estate was, therefore, devested.
But in the case of Worten, adm’r. v. Howard, 2 S. & M. 527, it was decided that the law, in relation to the assent of the executor, is materially changed by our statute; that a legatee may maintain an action at law for his legacy without the assent of the executor, and that the executor’s only defence is, that the property is necessary for the payment of debts; or, that a final settlement has not been made. Probably the executor could not defend on the ground that there had been no final settlement, unless he could also show debts unpaid, for which the property might be necessary.
By these principles, the rulings of the court may be tried. The instruction was, that unless the jury believed from the evidence that the estate of Willis Magee had been finally settled, or that the probate court had rendered a decree in favor of the plaintiff or his intestate for the property sued for, or that Stewart, the administrator de bonis non of Willis Magee, had given his assent that the plaintiff or his intestate should have the property, the legal title to the same is prima facie in Stewart, the administrator, and not in plaintiff as administrator of Philip Magee, and they should find for the defendant. This charge contains three propositions in the disjunctive, and assuming that they each contained a correct principle, the conclusion is a non sequitur. But at least, two out of the three propositions contain error. On the authority of Worten v. Howard, no decree of the probate court, in favor of the plaintiff or his intestate, was *77 necessary; and, assuming the assent of the executor to be necessary, the assent of Stewart, the administrator de bonis non, was an immaterial circumstance, if the executor had given his assent, as he did in this instance. In regard to the necessity of a final settlement of the estate, before a legatee is entitled to his legacy, it may be remarked, that by statute, H. & H. Dig. 406, sec. 71, he is entitled to receive it after twelve months, on giving bond to refund. The charge, then, was in no respect strictly correct, and was calculated to mislead the jury. If this property could be regarded as a part of Willis Magee’s estate, that estate had been in a course of settlement for about twenty-nine years. After that lapse of time, it would be a difficult matter for an administrator to justify the withholding of property, because a final settlement had not been made. Besides, when a specific legacy has been given, a final settlement of the estate is entirely unimportant, if it appear affirmatively that there are no debts, for which the legacy could be made liable. On this principle the court erred in another particular. 'When the defendant had closed his testimony, the plaintiff’s counsel asked the witness, Stewart, who had been introduced by defendant, whether there was not property of the estate of Willis Magee sufficient to pay all debts against said estate, without any abatement of the legacy of the slave sued for, which the court refused to allow the witness to answer. Surely nothing but debts of the testator can justify an executor, or administrator de bonis non, in selling a specific legacy; and it was, therefore, proper that the legatee or his representative should show, in a controversy of this sort, that the legacy was not necessary for the payment of debts. The legatee derives his title from the will, and it is subject to be defeated only on one condition, the existence of debts; the administrator who undertakes to devest it, must show the necessity for doing so.
It is said that the plaintiff cannot recover, because he was present at the sale of the slave made by Stewart, and made no objection. We do not think that circumstance entitled to any weight in this controversy. By implied assent, he might be estopped as to his individual rights, but. not deprived of his fiduciary rights.
*78 It has been also said that the plaintiff should not recover, because the same persons inherit both the estates of Willis and Philip Magee. That does not alter the legal rights of the plaintiff. In that view of the case, this proceeding seems to be unnecessary; but that is a matter with which we have no concern ; we must, decide on legal rights as they are presented.
Judgment reversed, and cause remanded.